[No. 11078-8-III.   Division Three.   February 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. KATHY LYNN FERRO, *Appellant*.

*Lewis M. Schrawyer,* for appellant.

*John G. Wetle, Prosecuting Attorney,* and *Pamela F. Payne, Deputy,* for respondent.

MUNSON, J. — Kathy Ferro appeals her conviction for manufacturing a controlled substance, marijuana, contending the court erred in denying her motion to suppress evidence.

On August 29, 1989, Stevens County sheriff's deputies were engaged in aerial surveillance of a rural area of the county, using an Air National Guard helicopter. The surveillance was part of the County's marijuana eradication program. While the helicopter was flying approximately 500

feet above the ground, one of the deputies saw marijuana growing in a wooded area. He advised sheriff's deputies on the ground and they, with further guidance from the helicopter, proceeded to a house near the location of the marijuana. At some point after the initial observation, the helicopter approached within 300 feet of the ground.

Deputies arrived at the house in a truck. Deputy Mugaas got out of the truck and spoke with Kathy Ferro. Two other deputies drove on across the property some distance, then walked past a garden area and into the woods where they came upon marijuana plants. They seized the growing plants and placed them in their truck.

Ms. Ferro contends the aerial surveillance from 300 to 500 feet above her property was an unconstitutional intrusion into her privacy. It is unnecessary for us to reach this issue.

Ms. Ferro further contends the subsequent entry onto and across the curtilage of her home, for the purpose of seizing contraband from the open fields beyond, was an unconstitutional violation of her constitutionally protected expectation of privacy.

■ Under the "open view doctrine" an officer's observation of evidence from a lawful vantage point is not, standing alone, a search subject to constitutional restrictions. *State v. Seagull*, 95 Wn.2d 898, 901, 632 P.2d 44 (1981). Such an observation may provide the basis for a search warrant. *See State v. Petty*, 48 Wn. App. 615, 740 P.2d 879, *review denied*, 109 Wn.2d 1012 (1987). Absent a warrant, the observation of contraband is insufficient to justify intrusion into a constitutionally protected area for the purpose of examining more closely, or seizing, the evidence which has been observed. *Seagull*, at 906; *see State v. Chrisman*, 100 Wn.2d 814, 676 P.2d 419 (1984).

> It is important to recognize, however, that this doctrine — the "open view" doctrine — applies to visual intrusions only, not to physical intrusions such as entries onto premises. Although a person may have no reasonable expectation of privacy protecting against police observation of objects in a

window of his home, he does have a reasonable expectation of privacy protecting against police entry into his home.

*State v. Bell*, 108 Wn.2d 193, 206, 737 P.2d 254 (1987) (Pearson, C.J., concurring in the result).

■ Police may enter areas of the curtilage impliedly open to the public, such as a driveway or walkway leading to a residence, or the porch of the residence itself. *State v. Myers*, 117 Wn.2d 332, 344, 815 P.2d 761 (1991); *Seagull*, at 902; *State v. Daugherty*, 94 Wn.2d 263, 268-69, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958 (1981). Substantial departure from the area open to the public intrudes on a constitutionally protected area in which citizens have a reasonable expectation of privacy. *Seagull*, at 903; *Daugherty*, at 268-69.

Here, the deputies entered Ms. Ferro's driveway where they encountered her, and one of them got out of the truck and spoke to her. Two deputies drove on past the house to a garden, got out of the truck and continued walking across her property, through a brushy area to where the plants were growing. The court found the officers had trespassed; they had departed from the area of the curtilage impliedly open to the public.

The court also found the officers could have applied for a telephonic search warrant, but failed to do so. No consent to search was obtained until after the warrantless entry. The intrusion into the constitutionally protected area of the curtilage, for the purpose of seizing evidence from the unprotected area beyond, requires suppression of that evidence.

Reversed.

SHIELDS, C.J., and THOMPSON, J., concur.

Review denied at 119 Wn.2d 1005 (1992).